IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TEVON MARLEY,

                    Plaintiff,

    v.

STEVEN WILLETT, PETER KARNA,
ISAAC HART, SANDRA HAUTAMAKI,
WELCOME ROSE and CINDY O'DONNELL,

                    Defendants.

ORDER

16-cv-609-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Tevon Marley is proceeding on claims that defendants Steven Willett, Peter Karna, Isaac Hart, Sandra Hautamaki, Welcome Rose and Cindy O'Donnell (prison officials at the Columbia Correctional Institution) acted negligently and violated plaintiff's Eighth Amendment rights by refusing to allow him to have shoes that he ordered for his foot condition. Two motions are now before the court: (1) plaintiff's motion for entry of default, dkt. #28; and (2) defendants' motion to compel plaintiff to sign an authorization to release his medical records, dkt. #29. For the reasons explained below, I am denying plaintiff's motion and granting defendants' motion as it relates to the modified version of the release form attached to defendants' reply brief, dkt. #34-2.

1

OPINION

A. Motion for Entry of Default

Plaintiff asks for a default judgment against defendants because they did not meet the deadline for filing a motion for summary judgment on the question whether plaintiff exhausted his administrative remedies. I am denying the motion because a default judgment is appropriate only when a defendant fails to answer the complaint or otherwise fails repeatedly to take action that is required by the court. Sun v. Board of Trustees of University of Illinois, 473 F.3d 799, 811–12 (7th Cir. 2007). In this case, the court did not require defendants to file a motion seeking to dismiss the case on exhaustion grounds. Rather, the court simply gave defendants a deadline for filing such a motion, if they wished to file one. Dkt. #26 at 4 ("If a defendant wishes to obtain summary judgment on the basis of a plaintiff's failure to exhaust his administrative remedies, then that defendant must file a summary judgment motion raising this issue alone not later than the deadline set forth above."). If defendants try to raise an exhaustion defense at a later date, plaintiff is free to argue that they forfeited the defense by failing to meet the court's deadline. However, plaintiff is not entitled to a default judgment.

B. Defendants' Motion to Compel

Defendants seek to compel plaintiff to sign a release for medical records or face dismissal of his claims. Plaintiff says that he refused to sign the release because it is overbroad. In particular, he says that the following categories of requested records have no

2

potential relevance to this case: "psychological treatment," "counseling," "psychiatric records," "psychotherapy notes," "drug and alcohol treatment records," "HIV and AIDS test results, Health Care Records" and "Social Services file or Community Corrections Files, Juvenile Corrections Health."

In their reply brief, defendants concede that records related to alcohol and drug treatment, HIV and AIDS, medical treatment as a juvenile and "Social Services and Division of Community Corrections" are "not relevant at this time." Dkt. #34 at 2. Accordingly, they have prepared a new release form that omits those records. Dkt. #34-2.

I agree with defendants that they are entitled to review plaintiff's mental health records. As defendants point out, plaintiff is seeking damages for emotional distress. Cpt, dkt. #1, at 9, 10 and 14. If plaintiff intends to try to show that defendants' alleged conduct harmed his mental health, then he must allow defendants access to records that could help prove or disprove those allegations. A party who makes an allegation opens the door to the other side to review documents related to that allegation. If plaintiff does not want to disclose his mental health records to defendants, then he must withdraw his request for damages related to emotional distress. Estate of DiPiazza v. City of Madison, No. 16-cv-060-wmc, 2017 WL 1828920, at *4 (W.D. Wis. May 5, 2017) ("A party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues.") (internal quotations omitted).

Plaintiff raises no other objections to the release form. Accordingly, I am granting

defendants' motion to compel, but only as it relates to the revised release form.

ORDER

IT IS ORDERED that

1. Plaintiff Tevon Marley's motion for entry of default, dkt. #28, is DENIED.

2. The motion to compel filed by defendants Steven Willett, Peter Karna, Isaac Hart, Sandra Hautamaki, Welcome Rose and Cindy O'Donnell, dkt. #29, is GRANTED as to the revised release form, dkt. #34-2. Plaintiff may have until July 5, 2017, to either (1) sign the revised release and return it to counsel for defendants; or (2) inform defendants and the court that he is withdrawing his request for damages related to emotional distress. If plaintiff chooses option (2), defendants will provide plaintiff another revised form that omits mental health records from the release form.

3. If plaintiff fails to respond by July 5, 2017, defendants may seek sanctions from the court under Fed. R. Civ. P. 37.

Entered this 20th day of June, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge